In re DIPLOMAT PURCHASING & FINANCE SERVICE CLUB, INC., etc., Debtor.

Frank X. MARINELLO and Allied Plating Supplies, Inc., etc., Plaintiffs,

v.

DIPLOMAT PURCHASING & FINANCE SERVICE CLUB, INC., etc., Defendant.

Bankruptcy No. 81–01692–BKC–SMW.
Adv. No. 82–0027–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

April 16, 1982.

William M. Manker, Miami, Fla., for Diplomat.

Marcus W. Lewis, Miami Beach, Fla., for plaintiffs.

## MEMORANDUM DECISION

### (Bankruptcy Rule 752)

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on for trial upon Complaint and Answer, and the Court having heard and received the testimony and evidence thereon, and being otherwise fully advised in the premises, the Court finds as follows:

1. The Court has jurisdiction of the parties hereto and subject matter hereof.

2. The Defendant, Diplomat Purchasing & Finance Service Club, Inc., filed a Petition under Chapter 11, Title 11, U. S. Code, on October 20, 1981, and the same is pending and has not been dismissed.

3. At the time of the filing of the Chapter 11 Petition, the Defendant was indebted to C.I.T. Corporation in the sum of $23,430.51.

4. On May 30, 1978, Consolidated Plating Corporation purchased certain personal property from the Plaintiff, Allied Plating Supplies, Inc., for a purchase price of $62,025.08, payable in sixty (60) monthly installments of $1,033.76.

5. On May 30, 1978, the Plaintiff, Allied Plating Supplies, Inc., as Seller, and Consolidated Plating Corporation, as Purchaser, entered into a written Security Agreement whereby the Purchaser granted to the Seller a security interest in the above-mentioned personal property to secure payment of the aforementioned purchase price.

6. On January 8, 1980, Consolidated Plating Corporation entered into a written transfer agreement with the Defendant, wherein Consolidated Plating Corporation transferred all its rights, title and interest in and to the subject personal property to the Defendant.

7. The Plaintiffs approved in writing the above-described transfer of title to the subject personal property and they assigned their respective security interest to C.I.T. Corporation on May 30, 1978.

8. C.I.T. Corporation is and was the owner and holder of the aforementioned Security Agreement, dated May 30, 1978, since January 8, 1980.

9. A Financing Statement was filed with the Secretary of State, State of Florida, on June 19, 1980, bearing filing No. 899873, relating to the said Security Agreement.

10. On January 8, 1980, Plaintiff, Frank X. Marinello, executed the aforesaid transfer agreement as a guarantor of the obligations due under the Security Agreement of May 30, 1978.

11. The Plaintiff, Allied Plating Supplies, Inc., as the original secured party, received the full payment of $62,025.08 from C.I.T. Corporation in consideration of its assignment of the aforedescribed Security Agreement to C.I.T. Corporation.

12. That sometime during the month of June 1980, a portion of the subject personal property was destroyed in a fire that occurred on the Defendant's premises, which was covered in part by insurance.

13. A settlement was reached between the Defendant, as owner, C.I.T. Corporation as secured party, and the insurance company, as it related to the fire loss incurred, and the sum of $29,000.00 was paid to the Defendant and secured party, which reduced the indebtedness to the secured party by a like amount.

14. The Defendant is still indebted to the secured party (C.I.T. Corporation) in the sum of $23,430.51, under the terms of the Security Agreement of May 30, 1978.

15. The secured party, C.I.T. Corporation, has elected to pursue its rights and remedies against the Guarantor, to-wit: Frank X. Marinello.

UPON the foregoing findings of fact, the Court concludes, as a matter of law, as follows:

1. The Court has jurisdiction of the parties hereto and subject matter hereof.

2. C.I.T. Corporation is the owner and holder of the security interest on the subject personal property.

3. That the Plaintiffs, jointly and severally, have failed to establish any security interest in and to the subject personal property.

4. That the Plaintiffs, jointly and severally, have failed to carry their burden of proof on the issues framed by the Complaint and Answer.

WHEREFORE, upon the foregoing findings of fact and conclusions of law, the Court directs that a judgment be entered in accordance with this Memorandum Decision, pursuant to Bankruptcy Rule 752.